# CASES AT LAW

DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

### JUNE TERM, 1867.

---

THE NEW JERSEY RAILROAD AND TRANSPORTATION
COMPANY v. JAMES THOMAS WEST.

In a suit brought against a railroad company to recover damages for an
injury sustained by the plaintiff from being struck by a locomotive of
the defendants, passing on the track of their road, the court should
not nonsuit the plaintiff and take the matter from the jury, except in
cases where the facts are clear and undisputed, and show a want of
ordinary care on the part of the plaintiff.

---

In case.    Error to the Supreme Court.

The plaintiff complained and set forth, in substance, that
the defendants were owners of a certain railroad which was
constructed and laid upon and along a certain public street
of the city of Newark, known as the New Jersey Railroad
avenue, which street is intersected by a large number of other
public streets of said city, and in and upon which said street
a large number of other streets open, and across which said
avenue it is necessary for the inhabitants of this state constantly to pass for business or pleasure; that the said de-

fendants owned and possessed a large number of cars and locomotives, which were propelled by steam upon and along the said railroad, and passing through said New Jersey avenue; that the said cars and locomotives were negligently and badly managed and driven; and that, for the want of good and sufficient care in the management thereof, they struck and ran into the body of the said plaintiff, as he was in the act of passing over the said railroad and the track of the said railroad, as laid and constructed on the said public street known as the New Jersey avenue, and while he was passing on foot that part of the said avenue designed and used for the passage of persons on foot, as he lawfully might, whereby he was greatly mutilated and injured, &c., and whereby he hath lost and been deprived of his eyesight, &c.

The defendants pleaded the general issue. The cause was tried at a Circuit Court held in the county of Essex, before his Honor Justice Haines and a jury.

The plaintiff examined a number of witnesses and then rested his case, and thereupon the counsel of the defendants moved the court to non-suit the plaintiff " for want of care on his part."

The motion having been refused, the counsel of defendants excepted to the ruling of the court, and filed a bill of exceptions, which was allowed and sealed.

The case having been removed into this court by writ of error, the following errors were assigned :

1. Because the court below, after the plaintiff had rested his case, refused to grant the motion made by the defendants to non-suit the plaintiff.

2. Because the justice, having refused to non-suit the plaintiff, refused to charge the jury that the plaintiff had failed to make out a cause of action against the said defendants, but left the matter in the jury's hands upon the evidence of the case, without such instruction.

3. General errors.

The facts sufficiently appear in the opinion of the court.

The case was argued by *Stone & Jackson* for plaintiff in error, and *W. Silas Whitehead* for defendants.

ELMER, J.    The only question presented in this case is, whether it was error in the judge at the circuit to refuse to non-suit the plaintiff " for want of care on his part."

It was held by this court, in the case of *The Central Railroad Company* v. *Moore,* 4 *Zab.* 824, that a plaintiff suing for an injury caused by the negligence of the defendant, will not be entitled to recover if his own negligence contributed to the injury ; and that when the facts are clear and undisputed, and show a want of ordinary care on the part of the plaintiff, the question should be decided by the court ; but if the evidence is doubtful, and the inferences to be drawn from it questionable, it is for the jury to determine.    In my opinion, this was clearly a case for the jury.    The plaintiff was in the act of crossing the railway in the city of Newark, at a place commonly used, and furnished with planking for that purpose.    A train in plain sight was coming from the direction of New York, at a speed of twenty-five miles an hour, a rate exceeding that fixed by the ordinance of the city.    He appears to have stood watching this train, on a track used for coal cars, there being another track between him and the track upon which the New York train was running.    As soon as this train passed, he stepped upon the track next to him for the purpose of crossing, and was struck by a train coming from Elizabeth, which, it was stated, rang no bell and blew no whistle.

Under such circumstances, the inferences to be drawn from the facts detailed by the witnesses, were properly submitted to the jury.    They were quite as doubtful as those in the case of *Central Railroad* v. *Moore.*    As I had occasion to remark then, it would be a plain case which will justify a court of errors in reversing a judgment because the judge declined to order a non-suit.

In my opinion the judgment should be affirmed.

New Jersey R. R. and Trans. Co. v. West.

*For affirmance*—BEASLEY, C. J., ELMER, VREDENBURGH, BEDLE, DALRIMPLE, WOODHULL, DEPUE, OGDEN, FORT, WALES, CLEMENT, VAIL. 12.

*For reversal*—KENNEDY. 1.

CITED *in Del., Lack. & W. R. R. Co.* v. *Toffey,* **9 Vr. 529.**